## KEARY et al. *v.* MAGONE, Collector.

*(Circuit Court, S. D. New York. January 9, 1890.)*

CUSTOMS DUTIES—CLASSIFICATION—SLATE BOOKS—PARCHMENT SLATES.

"Slate books," viz., memorandum books of which paper is a component material, of various sizes, from 3x2 inches to 8x5 inches, in length and breadth, having two covers, and from one to three leaves of paper, coated with a black surface, capable of being written upon with slate-pencil; and "parchment slates," being likewise composed of paper, in one or more folds, and covered with a white composition, to be written upon with lead-pencil,—found by the jury to be dutiable under Schedule M of the tariff act of March 3, 1883, as "Paper, manufactures of, or of which paper is a component material, not specially enumerated or provided for in this act, fifteen per centum *ad valorem*," (Tariff Index, new, 388,) and not under schedule N, as "card-cases, pocket-books, shell-boxes, and all similar articles, of whatever material composed, and by whatever name known, not specially enumerated or provided for in this act, thirty-five per centum *ad valorem*." (Id. 410.)

At Law.

Suit to recover duties alleged to have been illegally exacted by the defendant, collector of the port of New York. It was proved upon the trial that the plaintiffs, in the year 1886, imported from Germany certain goods invoiced as "Slate Books" and as "Parchment Slates;" that the slate books were of various sizes, from 3 inches long by 2 inches broad to 8 inches in length by 5 inches in breadth; that they were composed of paper, and contained one, two, or three leaves, likewise of paper, and covered with a black coating or surface, suitable to be written upon with a slate-pencil; that some of these books contained a small slate-pencil, and that others did not; that these articles were known in the trade, at and prior to the passage of the tariff act of 1883, as "Slate Books;" that the so-called "Parchment Slates" were likewise composed of paper, folded once or twice, and covered with a white coating or surface, suitable to be written upon with a lead-pencil; that all these articles were assessed for duty at 35 per cent. *ad valorem* under the above-quoted provision of Schedule N (Tariff Index, new, 410) of the tariff act of March 3, 1883, and that plaintiffs paid the duties under protest, claiming that the said articles were dutiable under Schedule M, above-quoted, (Id. 388) at 15 per cent. *ad valorem*, as "manufactures of which paper is a component material," etc. The defendant proved by trade witnesses that pocket-books were of different materials and of various sizes, suitable to be carried in the pocket; and put in evidence a pocket-book, known as such in the trade at and prior to the passage of the tariff act of 1883, which pocket-book contained, besides the usual compartments for money, papers, etc., two leaves, covered with a white silicate surface, suitable for the writing of memoranda in lead-pencil, and with a small lead-pencil provided for that purpose. Defendant also put in evidence an article known to the trade in and prior to 1883 as a "card-case book-slate," with covers of leather, containing a pocket for cards, and two or three sheets of white silicate coated paper, with a small pencil for memoranda. Defendant's witnesses proved that card-cases were of different sizes and of various materials; that shell-boxes were made of paper or other substance, decorated with small shells; that such boxes were of different sizes, from 2 inches square and a couple of inches deep, to 12 inches square, and were used upon ladies' tables to contain small articles.

*Stanley, Clarke & Smith*, for plaintiffs.

*Edward Mitchell*, U. S. Atty., and *James T. Van Rensselaer*, Asst. U. S. Atty., for defendant.

LACOMBE, J., (*charging jury.*) Paper is a substantial component of the articles imported here; therefore they fall within the enumeration of the 388th paragraph of the tariff, as manufactures of paper, or of which paper is a component material, and should pay a duty only of 15 per cent., unless they are found elsewhere specifically enumerated in the tariff. The defendant claims that they are so found in the 410th paragraph, which provides for a duty of 35 per cent. on "card-cases, pocket-books, shell-boxes, and all similar articles, of whatever material com-

posed, and by whatever name known." Of course these acts are to be interpreted in accordance with the understanding of the mercantile community, and you have therefore been informed by the witnesses called by both parties as to what the trade understood by the terms "card-cases," "pocket-books," and "shell-boxes" at the time when this act was passed. And both sides here agree that these articles were not at that time included in those specific designations; that they are not card-cases nor pocket-books nor shell-boxes. The claim of the defendant, however, is that they are articles similar to one or other of those particular trade articles thus enumerated. Similarity is not absolute likeness, and does not exclude the idea of difference. Likeness excludes the idea of difference. Similarity includes only the idea of casual likeness; and, in determining in this case the question of similarity, one important element which is usually taken into consideration is to be omitted, to-wit, the material of which they are composed. The paragraph expressly provides for articles similar to card-cases, pocket-books, or shell-boxes, no matter of what material they may be composed. In determining, then, the question whether these articles are substantially similar to a card-case, a pocket-book, or a shell-box, you are to take into consideration the other elements which go to make up the similarity of one object to another. With regard to each one of these articles, which are of different sizes, and somewhat different shapes, you are to consider, in determining its similarity to the pocket-book, card-case, or shell-box of commerce, its form, its shape, its size, its weight, its organization, or the co-relation of its parts; its use, and adaptability to use, with due regard to the relative prominence of its different parts, and to the relative importance of its different uses, if it subserves more than a single use. Applying that test, if you should reach the conclusion that these articles, or any of them, are similar to card-cases, pocket-books, or shell-boxes, as they were known to the trade when the act of 1883 was passed, then your verdict will be for the defendant; if you do not reach that conclusion, your verdict will be for the plaintiff; and if you find a similarity as to certain of the articles, and a dissimilarity as to others, then you may render a verdict for the defendant as to such of the articles as you find to be similar, and a special verdict as to those articles which you find not to be similar.

Verdict for plaintiffs.